IN RE: THE INVESTIGATION OF THE DEATH OF ERIC DEWAYNE MILLER AND OF ANY INFORMATION IN THE POSSESSION OF ATTORNEY RICHARD T. GAMMON REGARDING THAT DEATH

No. 303PA02-2

(Filed 7 May 2004)

**Evidence— attorney-client privilege—information regarding third party**

The trial court correctly ordered that some of the statements made by a now-deceased client to an attorney be revealed where those statements concerned a third party, did not implicate the client, and were not privileged. The information was provided to the trial court in a sealed affidavit, which the court reviewed under the mandate of a prior Supreme Court opinion. Portions of the trial court's order were modified: the use of "interest of justice" language was unnecessary and contrary to the prior opinion, the trial court did not need to determine the harm to this client in this case, and any dispute over whether the attorney may be interviewed is to be determined by the trial court, with the cautionary note that this is a very narrow exception to the attorney-client privilege.

On a joint petition for discretionary review pursuant to N.C.G.S. § 7A-31(b), prior to a review by the Court of Appeals, of two orders (a summary published order and a detailed sealed order) requiring disclosure of certain communications between attorney and client entered 2 October 2003 by Judge Donald W. Stephens in Superior Court, Wake County. Calendared for argument in the Supreme Court on 17 March 2004; determined on the briefs without oral argument pursuant to N.C. R. App. P. 30(f)(1).

IN RE INVESTIGATION OF DEATH OF ERIC MILLER

[358 N.C. 364 (2004)]

*Poyner & Spruill LLP, by Joseph E. Zeszotarski, Jr., for respondent-appellant.*

*Roy Cooper, Attorney General, by William B. Crumpler, Assistant Attorney General, and C. Colon Willoughby, Jr., District Attorney, Tenth Prosecutorial District, for the State-appellee.*

ORR, Justice.

The primary issue presented to this Court is whether the trial court correctly determined that disclosure of certain communications between attorney Richard T. Gammon and his client Derril H. Willard, now deceased, was warranted pursuant to instructions in this Court's opinion, *In re Investigation of Death of Eric Miller*, 357 N.C. 316, 584 S.E.2d 772 (2003) [Miller I]. The procedural history and background of this case are reported in detail in *Miller I*, 357 N.C. 318-21, 584 S.E.2d 776-78; however, we nonetheless will summarize the basic procedural history and factual background to include events that have transpired since this Court issued its previous decision.

On 2 December 2000, Eric D. Miller (Dr. Miller) died in Raleigh, North Carolina, as a result of arsenic poisoning. *Id.* at 319, 584 S.E.2d at 776. During the course of the subsequent investigation, law enforcement officials determined that Dr. Miller's wife, Ann Rene Miller (Mrs. Miller), was involved in a relationship with her co-worker, Derril H. Willard (Mr. Willard). *Id.* at 319-20, 584 S.E.2d at 777. Shortly after Dr. Miller's death, Mr. Willard sought legal counsel from Attorney Richard T. Gammon (respondent). *Id.* at 320, 584 S.E.2d at 777. Within days of meeting with Attorney Gammon, Mr. Willard committed suicide. *Id.*

On 20 February 2002, the State filed a petition in the nature of a special proceeding in Superior Court, Wake County, requesting that the trial court conduct a hearing, and if necessary, an *in camera* examination to determine whether Attorney Gammon should be compelled to disclose the communications between himself and Mr. Willard for the "proper administration of justice." *Id.* On 7 March 2002, the trial court ordered Attorney Gammon to

present to the court forthwith a sealed affidavit containing all of the information provided to him by Darril [sic] Willard regarding any act committed by any person which was intended

to cause harm to Eric Miller or which in fact caused harm to Eric Miller.

The order further provided that the trial court would conduct an *in camera* review of the sealed affidavit to determine if the "interest of justice" required disclosure of the information to the State. *Id.* at 320, 584 S.E.2d at 778. Attorney Gammon immediately appealed the order to the North Carolina Court of Appeals. On 27 June 2002, this Court allowed the parties' joint petition for discretionary review prior to determination by the North Carolina Court of Appeals.

The question originally presented on appeal was "whether, during [the course of] a criminal investigation, there can be a legal basis for the application of an interest of justice balancing test or an exception to the attorney-client privilege which would allow a trial court to compel the disclosure of confidential attorney-client communications when the client is deceased." *Id.* at 321, 584 S.E.2d at 778.

After a thorough analysis, this Court: (1) affirmed the trial court's decision to use an *in camera* review to determine whether the communications were protected, *id.* at 337, 584 S.E.2d at 787; (2) rejected the trial court's application of an "interest of justice" balancing test, *id.* at 333, 584 S.E.2d at 785; and (3) instructed the trial court to determine whether "some or all of the communications are outside the scope of the attorney-client privilege," *id.* at 343, 584 S.E.2d at 791. After a comprehensive review and discussion of the attorney-client privilege, including approval of the five-part test espoused in *State v. McIntosh*, 336 N.C. 517, 523-24, 444 S.E.2d 438, 442 (1994), this Court further stated:

> [W]e hold that when a client is deceased, upon a nonfrivolous assertion that the privilege does not apply, with a proper, good-faith showing by the party seeking disclosure of communications, the trial court may conduct an *in camera* review of the substance of the communications. To the extent any portion of the communications between the attorney and the deceased client relate solely to a third party, such communications are not within the purview of the attorney-client privilege. If the trial court finds that some or all of the communications are outside the scope of the attorney-client privilege, the trial court may compel the attorney to provide the substance of the communications to the State for its use in the criminal investigation, consistent with the procedural formalities set forth below. To the extent the communications relate to a third party but also affect the client's own

**IN RE INVESTIGATION OF DEATH OF ERIC MILLER**

[358 N.C. 364 (2004)]

rights or interests and thus remain privileged, such communications may be revealed only upon a clear and convincing showing that their disclosure does not expose the client's estate to civil liability and that such disclosure would not likely result in additional harm to loved ones or reputation.

*Miller I*, 357 N.C. at 342-43, 584 S.E.2d at 791. Thus, this Court affirmed in part, reversed in part, and remanded the case to the trial court.

On remand, in an order dated 11 September 2003, the Honorable Donald W. Stephens ordered Attorney Gammon to "file with the court under seal the aforesaid affidavit [containing certain information provided to him by Derril Willard] and any legal memorandum setting forth the basis for a claim of confidentiality or privilege which would preclude disclosure of this information to the District Attorney." Judge Stephens further authorized and requested the State "to file a legal memorandum . . . in support of any contention regarding the nature of information subject to disclosure under the Supreme Court's decision in this case." Attorney Gammon complied with the trial court's order and provided a seven-page sealed affidavit to Judge Stephens on 26 September 2003.

On 2 October 2003, after reviewing the sealed affidavit *in camera*, Judge Stephens entered an "Order [Sealed by the Court]" containing findings of fact and conclusions of law, a copy of which was served upon Attorney Gammon. No other person was provided with a copy of this sealed order. On the same day, Judge Stephens issued a public order in which he summarized "in a general way as appropriate" his findings of fact which include the following:

> To maintain the confidentiality of the specific information set forth in Mr. Gammon's affidavit, the Court will not, in this order, recite any specific information contained in such affidavit, except to characterize that information in a general way as appropriate to give public notice of the nature of the Court's ruling by separate order which is now under seal.

> A thorough review by the Court of the submitted affidavit reveals that all statements made by Derril Willard to Attorney Gammon were made in anticipation that such statements would be confidential and would never be revealed to anyone else, were made at a time that an attorney-client relationship existed, were made in the course of Willard seeking legal advice and for a

proper purpose, and were made regarding a matter for which Attorney Gammon was being professionally consulted. Mr. Willard never waived the attorney-client privilege and never authorized any waiver or release of this information to anyone else, including this court.

The review of this affidavit reveals that no information provided to Attorney Gammon by Derril Willard incriminated Mr. Willard in any manner, directly or indirectly, in the death of Eric Miller.

However, Derril Willard did provide to Attorney Gammon information concerning activities and statements of a third person regarding the death of Eric Miller. Such information concerning this third person did not reveal any collaborative involvement of Willard and did not implicate Willard in any way in the death of Eric Miller

Judge Stephens then summarized his conclusions in the public order:

Under the rules announced by the Supreme Court opinion in this case, the information regarding the activities and statements of a third party are not privileged and are therefore subject to disclosure to the District Attorney in the interest of justice and are hereby ordered to be disclosed in a manner more particularly described in the sealed order signed and entered on this date. All other information in the affidavit is privileged and shall not be disclosed.

The order further stated:

The Court finds and concludes that disclosure of the information regarding a third party's activities and statements would not expose Derril Willard to criminal liability, even if he were living; would not subject Derril Willard or his estate to civil liability, and would not harm Derril Willard's reputation or harm Derril Willard's loved ones.

After Attorney Gammon filed notice of appeal to the Court of Appeals from both orders entered by Judge Stephens, all parties petitioned this Court for discretionary review prior to determination by the Court of Appeals. We allowed the petition for discretionary review on 8 January 2004. We have reviewed the sealed affidavit, public order, and "Order [Sealed by the Court]" and decide the issues presented as follows:

IN RE INVESTIGATION OF DEATH OF ERIC MILLER

[358 N.C. 364 (2004)]

(1) We affirm the trial court's finding in the "Order [Sealed by the Court]" that "no information provided to Attorney Gammon by Derril Willard incriminated Mr. Willard in any manner, directly or indirectly, in the death of Eric Miller."

(2) We affirm the trial court's finding in the "Order [Sealed by the Court]" that "Derril Willard did provide to Attorney Gammon information concerning activities and statements of a third person regarding the death of Eric Miller. Such information concerning this third person did not reveal any collaborative involvement of Willard and did not implicate Willard in any way in the death of Eric Miller. This information is contained in paragraph number 12 on pages 5 and 6 of the affidavit."

(3) The trial court concluded in part in the "Order [Sealed by the Court]:" "[T]he information regarding activities and statements of a third party are not privileged and are subject to disclosure to the District Attorney, if the interest of justice requires." As to this conclusion of law in applying the narrow legal standard set forth by this Court in *Miller I*, we affirm. However, the trial court's inclusion of the language "if the interest of justice requires" was unnecessary surplusage and contrary to this Court's disavowal of the use of an "interest of justice test" in *Miller I. See* 357 N.C. at 333, 584 S.E.2d at 785.

(4) The trial court found and concluded in the "Order [Sealed by the Court]" that "disclosure of the information regarding a third party in paragraph number 12 above would not expose Derril Willard to criminal liability, even if he were living; would not subject Derril Willard or his estate to civil liability, and would not harm Derril Willard's reputation or harm Derril Willard's loved ones." While not disagreeing with the trial court's findings and conclusions just quoted, we note that such a determination would only be necessary under *Miller I* where "the communications relate to a third party but also affect the client's own rights or interests and thus remained privileged." *Miller I*, 357 N.C. at 343, 584 S.E.2d at 791. Because the trial court's findings and conclusions do not reveal such a situation in this case, it was unnecessary for the trial court to have so determined.

(5) Further, the "Order [Sealed by the Court]" finds and concludes "that the non-privileged information concerning a third party which is specifically set forth in numbered paragraph 12 of Attorney Gammon's affidavit should be disclosed to the District Attorney for the 10th Judicial District in its entirety." We affirm this finding and

[358 N.C. 370 (2004)]

conclusion. In addition, the trial court found and concluded "that all other information contained in the affidavit is privileged and should not be disclosed." We likewise affirm this finding and conclusion.

(6) Finally, Attorney Gammon argues that the trial court erred in ordering any form of production to the State other than merely producing a copy of the relevant portions of Mr. Gammon's sealed affidavit. In the "Order [Sealed by the Court]," Judge Stephens ordered that "Attorney Richard Gammon shall, on or by 5:00 p.m. on Friday, October 10th, 2003, provide to the District Attorney for the 10th Judicial District all information regarding a third person, as set forth in numbered paragraph 12 of his affidavit." (Stayed by order of Judge Stephens in the public order.) It is not clear from this language exactly how the information is to be conveyed to the District Attorney. Counsel for Attorney Gammon argues that "[t]o the extent that the sealed order may require, or the State may contend, that Mr. Gammon must submit to an interview with the State, such a requirement is contrary to the law." Since we do not read Judge Stephens' order as requiring anything more than a disclosure of the contents of paragraph 12 to the District Attorney, it is unnecessary to reach this issue. To the extent there is disagreement over the method of disclosure, any such dispute is for the trial court to determine initially. However, we add as a cautionary note that this very narrow exception to the attorney-client privilege should be appropriately limited both as to its scope and method of disclosure.

For the reasons previously stated, the trial court's orders are affirmed as modified and this matter is remanded for such other action as is consistent with this opinion.

AFFIRMED AS MODIFIED.